UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES ROSKAM ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:16-0360 |
| ] | Chief Judge Sharp |
| MIKE PARRIS, Warden ] | |
|     Respondent. ] | |

# **M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Trousdale Turner Correctional Center in Hartsville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Mike Parris, Warden of the Northwest Correctional Complex, seeking a writ of habeas corpus.[1]

## **I. Background**

On July 18, 2011, a jury in Davidson County found the petitioner guilty of aggravated robbery. Docket Entry No. 17-1 at pg. 31. For this crime, he received a sentence of twenty (20) years in prison. Docket Entry No. 17-3 at pg. 10.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction. Docket Entry No. 17-8. The Tennessee Supreme Court later denied petitioner's application for further review. Docket Entry No. 17-10.

---

[1] When this action was filed in February, 2016, the petitioner was an inmate at the Northwest Correctional Complex. He has since, however, been transferred to his present place of confinement. *See* Docket Entry No. 16.

1

In March, 2013, the petitioner filed a *pro se* petition for state post-conviction relief in the Criminal Court of Davidson County. Docket Entry No. 17-11 at pgs. 2-16. Counsel was appointed and the petitioner filed an amended post-conviction petition. Following an evidentiary hearing, the trial court denied the petitioner post-conviction relief. *Id.* at pgs. 46-63. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 17-15. Once again, the Tennessee Supreme Court rejected the petitioner's application for additional post-conviction review. Docket Entry No. 17-17.

## II. Procedural History

On February 22, 2016, the petitioner initiated the instant action with the filing of a *pro se* petition (Docket Entry No. 1) under 28 U.S.C. § 2254, for writ of habeas corpus. The petition contains three claims for relief. These claims include :

1) the evidence was insufficient to support petitioner's conviction;

2) petitioner was denied the effective assistance of counsel when :
   a) his attorney failed to move the court for a mistrial after prosecution witnesses had, on three occasions, intentionally exposed the jury to excluded evidence; and
   b) his attorney failed to investigate the possibility that exculpatory evidence existed in the form of surveillance camera video.[2]

Upon its receipt, the Court promptly conducted a review of the petition and found that it stated a colorable claim for relief. Accordingly, the respondent was directed to file an answer, plead or otherwise respond to the petition. Rule 4, Rules ---- Governing § 2254 Cases.

---

[2] At trial, the petitioner was represented by Elaine Heard, a member of the Davidson County Bar.

Presently before the Court is the respondent's Answer (Docket Entry No. 19), to which the petitioner has offered no reply. Having carefully considered the petition, respondent's Answer, and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1). The petitioner avers, and the record confirms, that the petitioner's claims have been fully exhausted on either direct or post-conviction appeal.

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 562 U.S. 86 (2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362,

412-13 (2000). In short, the petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, *supra* at 562 U.S. 103.

**1.) Sufficiency of the Evidence**

The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 99 S.Ct. 2781, 2787 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.,* 99 S.Ct. at 2789. It is the responsibility of the jury, not the court, to decide what conclusions should be drawn from evidence admitted at trial. Cavazos v. Smith, 132 S.Ct. 2, 4 (2011). For that reason, within the context of a sufficiency of the evidence claim in a habeas action, a court need only answer "whether that finding was so unsupportable as to fall below the threshold of bare rationality". Coleman v. Johnson, 132 S.Ct. 2060, 2065 (2012).

Aggravated robbery is defined in Tennessee's penal code as the intentional or knowing theft of property from another accomplished with a deadly weapon or where the victim suffers serious bodily injury. Tenn. Code Ann. § 39-13-402(a).

At trial, the victim testified that a man walked up to him while he was selling papers, pointed a knife at his stomach, and demanded money. The victim gave the man a five dollar bill. The victim had written his name on the bill. Docket Entry No. 17-2 at pg. 20. He later identified the petitioner

4

as the man who had robbed him. *Id.* at pg. 19. A Metro police officer told the jury that, shortly after the robbery, he stopped a man fitting the robber's description. During a search of the man, the officer discovered a five dollar bill bearing the victim's name. *Id.* at pg. 43. Another Metro police officer testified that the petitioner was taken to the victim for a "showup". The victim positively identified the petitioner as the man that had robbed him. *Id.* at pg. 52.

The petitioner claims that the evidence was insufficient because a knife was not found in his possession and he did not seem nervous when approached by the police. Nevertheless, there was evidence in the record from which a jury could find that the petitioner robbed the victim at knife point. Therefore, the Court finds no merit in this claim.

**2.) Ineffective Assistance of Counsel**

It is alleged that trial counsel was ineffective for failing to move the court for a mistrial (Claim No. 2a) and for failing to investigate whether exculpatory evidence existed in the form a surveillance camera video (Claim No. 2b).

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. Missouri v. Frye, 132 S.Ct. 1399, 1404 (2012). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). A deficiency occurs when counsel has acted in a way that falls below an objective standard of reasonableness under prevailing professional norms. *Id.* at 466 U.S. 688. Prejudice is shown when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694.

Where the issue is one of ineffective assistance, review under the Anti-Terrorism and

5

Effective Death Penalty Act is "doubly deferential", <u>Cullen v. Pinholster</u>, 563 U.S. 170, 190 (2011), because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." <u>Strickland</u>, *supra* at 466 U.S. 690.

The trial court, on counsel's motion in limine, excluded any reference or discussion of allegations that the petitioner "had been going around robbing homeless people." Despite this ruling, prosecution witnesses on three separate occasions "repeatedly put the excluded information in front of the jury." Docket Entry No. 17-13 at pg. 15. The petitioner believes that counsel's failure to move for a mistrial constitutes ineffective representation.

On each occasion, counsel made an objection that was sustained by the court. On each occasion, the court gave the jury a curative instruction. At one point, counsel told the court ".... if this continues, I'm going to have to move for a mistrial." Docket Entry No. 17-2 at pg. 37. Counsel did not make such a motion, though, believing that the motion would not be granted. Docket Entry No. 17-12 at pg. 38.

"When faced with a trial occurrence that may be prejudicial to the defense, counsel must make some tough choices. Remaining silent, objecting, requesting a curative instruction, moving for a mistrial - each may be a valid course of action, and the path ultimately chosen is best entrusted to the experience of counsel." <u>Watkins v. Kassulke</u>, 90 F.3d 138, 143 (6th Cir. 1996). In this regard, counsel was aware that a mistrial was an option available to her. She objected to the prejudicial testimony and got the court to give curative instructions. Under these circumstances, it does not appear that counsel was deficient in her representation. Moreover, the petitioner has shown no prejudice arising from counsel's failure to request a mistrial. Therefore, the Court finds no merit in this claim.

Petitioner's last claim is that counsel was ineffective for failing to investigate the possibility that exculpatory evidence existed in the form of surveillance camera video.

At the post-conviction evidentiary hearing, counsel testified that, after consulting with the prosecutor, she had no knowledge of any video recording that might be of benefit to the defense. Docket Entry No. 17-12 at pg. 26. Nor did the petitioner produce any such video recording at the hearing. The trial court was left to speculate as to the existence of such evidence. For that reason, the state courts ruled that counsel had not been ineffective in this regard. Docket Entry No. 17-15 at pg. 5. The evidence, or lack thereof, supports this ruling. Thus, the Court finds that this claim is without merit as well.

## IV. CONCLUSION

The state courts determined that the petitioner's fully exhausted claims lacked merit. The record supports these findings. The petitioner has failed to demonstrate in what way the legal analysis of the state courts ran contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's fully exhausted claims was neither contrary to nor an unreasonable application of federal law. Consequently, these claims have no merit.

An appropriate order will be entered.

_____
Kevin H. Sharp
Chief District Judge